THE PEOPLE *v.* CRUZ ET AL.

## APPEAL from the District Court of Guayama.

No. 92.—Decided February 15, 1907.

APPEAL—CONFISCATION OF BOND FURNISHED IN A CRIMINAL PROSECUTION—FAILURE OF ACCUSED TO APPEAR.—Where a bond furnished in a criminal prosecution is ordered forfeited, if the accused or his sureties appear before the court during the term and make explanations satisfactory to the court for such failure to appear, the court may vacate the forfeiture, and its decision will not be disturbed on appeal unless it is shown that the court has abused the discretionary powers conferred upon it by law.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Jacinto Urbino having been charged with the larceny of a horse, he was released upon bail in the sum of $300, furnished on March 14 of last year, by Guadalupe Cruz and Gregorio or Jorge Rivera (he is designated by both names in the record), the bondsmen undertaking that the defendant would appear in the District Court of Guayama or in any other court upon summons, as also for judgment, and submit to the execution thereof, failing which the said bondsmen were to pay to The People of Porto Rico the said sum of $300.

Jacinto Urbino was summoned by order of the District Court of Guayama to appear for arraignment on April 26 of the said year, and notice of said summons was served on his bondsmen. Urbino did not appear on the day set, nor did he allege any causes preventing him from so doing; for which reason, on motion of the *fiscal,* the said court on the said 26th of April, declared the bail bond furnished by Guadalupe Cruz and Jorge Rivera to be forfeited.

The sureties prayed that the forfeiture of the undertaking be vacated, on the ground that they had diligently searched

for the defendant, who had finally been captured before the end of the term of court, and was already confined in jail.

The defendant testified under oath that after he had been released from custody, he left the house of his father in Cidra, to go to the town of Comerío, where he had been working some weeks without having informed his father or any other person of the place to which he had gone, nor for what purpose he was going, and when he learned that the authorities were searching for him, he came to Guayama to surrender himself.

The court, taking into consideration that the defendant had surrendered himself before the end of the term of court, and considering the excuse a satisfactory one, directed the discharge of the undertaking, under the condition that the sureties, Cruz and Rivera, should pay the costs caused by the failure of the defendant to appear.

The *fiscal* of Guayama took an appeal from this decision, the propriety of which the *fiscal* of this Supreme Court has sustained.

In our opinion, the court below has proceeded in accordance with the provisions of section 396 of the Code of Criminal Procedure, and has not abused the discretional power which said section vests in him.

Not only does the record show that the sureties appeared and explained that they had made a diligent search for Urbino, but it also appears that the defendant explained his failure to appear, alleging under oath that as soon as he heard that he was being sought by the authorities, he went to Guayama to surrender himself, and that before he left the house of his father he had been told that his trial would not be held for two or three months.

The explanation made by the defendant before the final adjournment of the sessions of the Guayama court, or what is the same thing, before the end of the term of court, is acceptable as an excuse for his failure to appear on the day set for his arraignment, because had he sought to evade compliance with the order of the court, upon hearing that he was being

sought by the authorities, he would not have gone to the place of trial.

In our opinion the Guayama court did not abuse the discretional power granted it by the law, and, consequently, the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.